**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| United States of America, | 1:19-cv-20635-NLH-JS |
| Plaintiff, | **OPINION** |
| v. | |
| Zenon Rotuski, et al., | |
| Defendants. | |

APPEARANCES:

OLGA L. TOBIN
U.S. Department of Justice
Tax Division
P.O. Box 227
Ben Franklin Station
Washington, DC 20044
　　*Attorney for the Plaintiff.*

DANIEL J. GALLAGHER
Law Office of Daniel J. Gallagher
336 N. Annapolis Avenue
Atlantic City, NJ 08401
　　*Attorney for Defendants Deborah K. Harris*
　　*and Zenon Rotuski.*

**HILLMAN, District Judge**

　　Presently before the Court is the United States' Motion for Default Judgment against Defendants Wells Fargo and the State of New Jersey (ECF No. 19). The United States commenced this action against Zenon Rotuski ("Defendant Rotuski") and others to, among other things, foreclose on federal tax liens against real property located at 1836 Wesley Avenue, Ocean City, New

1

Jersey.  For the reasons set forth herein, the Motion for Default Judgment will be GRANTED.

## BACKGROUND

This action is brought by the United States to: (1) collect federal income taxes assessed against Defendant Rotuski for tax years 2008-2012 and 2014-2016; (2) collect the Trust Fund Recovery Penalties assessed against Defendant Rotuski with respect to his business; and (3) enforce the corresponding federal tax liens that encumber real property located in Ocean City, New Jersey.  (ECF No. 1 ("Compl.") at 1).  As relevant to the instant motion, Wells Fargo and the State of New Jersey ("New Jersey") are named as defendants, pursuant to 26 U.S.C. §7403(b), as they may claim an interest in 1836 Wesley Avenue, Ocean City, New Jersey (the "Subject Property"). (Compl. ¶¶6-7).

The United States filed its complaint on November 22, 2019. (ECF No. 1).  Despite being served with the complaint, Defendants Wells Fargo and New Jersey did not file an answer or otherwise state claim against the Subject Property.  (ECF Nos. 3 and 4).  On March 11, 2020, the United States filed a request for entry of default as to Defendants Wells Fargo and New Jersey.  (ECF Nos. 15-16).  The following day, on March 12, 2020, the Clerk of Court entered default against both Defendants Wells Fargo and New Jersey.  (ECF Nos. 17-18).  On April 8,

2020, the United States moved for default judgment against Defendants Wells Fargo and New Jersey.  (ECF No. 19).

## DISCUSSION

A. Subject Matter Jurisdiction

Plaintiff raises a claim under the Internal Revenue Code which provides that "any case where there has been a refusal or neglect to pay any tax . . . the Attorney General or his delegate . . . may direct a civil action to be filed in a district court of the United States."  26 U.S.C. § 7403(a).  Accordingly, this Court may exercise jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. § 1331.

B. Clerk's Entry of Default

The first step in obtaining default judgment is the entry of default.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the Clerk must enter the party's default."  FED. R. CIV. P. 55(a).  In this case, the Clerk entered default on March 12, 2020. (ECF Nos. 17-18).

C. Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter default judgment against a properly served defendant who fails to file a timely responsive pleading.  Chanel v. Gordashevsky, 558 F.Supp.2d 532, 535 (D.N.J. 2008) (citing

3

Anchorage Assocs. v. Virgin Is. Bd. Of Tax. Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)).  However, a party seeking a default judgment is not entitled to such a judgment as a right.  See Franklin v. Nat'l Maritime Union of America, No. 91-480, 1991 WL 131182, *1 (D.N.J. 1991) (citing 10 Wright, Miller & Kane, Federal Practice and Procedure § 2685 (1983)), aff'd, 972 F.2d 1331 (3d Cir. 1992).  The decision to enter a default judgment is instead "left primarily to the discretion of the district court."  Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984).

When deciding whether to grant a default judgment, "all well-pleaded allegations in a complaint, except those relating to the amount of damages, are admitted as true following a default."  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1146 (3d Cir. 1990).  However, the Court must still determine "whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  Chanel, 558 F.Supp.2d at 535 (citing Directv, Inc. v. Asher, No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)).

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct."

4

Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000); United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). If a review of the Complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment.

D. Analysis

The Court will first address whether Plaintiff has demonstrated its entitlement to relief under one or more of the asserted legal claims. The Court will then analyze whether the Chamberlin factors indicate that the Court should grant Plaintiff's Motion for Default Judgment.

1. Whether Plaintiff has a Legitimate Cause of Action

The Internal Revenue service (the "IRS") has been authorized by Congress to collect outstanding federal tax liability. See 26 U.S.C. §§ 6321, 6322, 6331(a). Under 26 U.S.C. § 7403(a), the United States is authorized to bring a civil action to enforce a lien where a taxpayer has refused or neglected to pay any federal tax with respect to any federal tax lien or to subject any property in which the taxpayer has any right, title, or interest to the payment of such federal tax or liability. Section 7403(b) requires the United States to name as parties in any such action all persons who have liens upon or claim an interest in the property in order to give them an opportunity to assert a claim. 26 U.S.C. § 7403(b). Section

5

7403(c) further states that in such a proceeding "[t]he court shall, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property . . . ." 26 U.S.C. § 7403(c).

In this case, the United States has been authorized to institute this action by the IRS to collect Defendant Rotuski's outstanding income tax liabilities by, among other things, foreclosing on federal tax liens against the Subject Property. In order to clear title on the Subject Property, the United States named Defendants Wells Fargo and New Jersey pursuant to 26 U.S.C. § 7403(b).  (ECF No. 1).

2. Whether Plaintiff is Entitled to a Default Judgment

a. Prejudice to Plaintiff

The United State will suffer prejudice if default judgment is not entered.  The United States seeks only to clear title to the Subject Property to facilitate a future judicial foreclosure sale.  Absent clear title, it is unlikely the Subject Property will sell. See United States v. Cardaci, No. 12-5402, 2013 WL 5816823, at *10 (D.N.J. Oct. 29, 2013) ("[A]s the government seeks to collect from tax delinquents, the government would be prejudiced if the defaulted Defendants remained silent only to reassert an interest in the Cardaci property at this stage of the litigation.").

6

b. Existence of Meritorious Defense

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 869-70 (3d Cir. 1984); accord $55,518.05 in U.S. Currency, 728 F.2d at 195; Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657; Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). Here, the Court cannot consider Defendants Wells Fargo and New Jersey's defenses if any exist because they failed to respond to this action. See Prudential Ins. Co. of America v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. 2009) ("[B]ecause Ms. Ducker has not answered or otherwise appeared in this action, the Court was unable to ascertain whether she has any litigable defenses."). Thus, no meritorious defense presently exists with respect to deciding this Motion for Default Judgment.

c. Whether Defendants' Delays are the Result of Culpable Conduct

"Culpable conduct is dilatory behavior that is willful or in bad faith." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 123 (3d Cir. 1983). "A properly served defendant has an obligation to defend himself against a plaintiff's claims, or he must expect that a judgment may be entered against him." Smith

7

v. Kroesen, No. 10-5723, 2015 WL 4913234, at *5 (D.N.J. Aug. 18, 2015).

Here, Plaintiff served Defendants Wells Fargo and New Jersey with its complaint on January 13, 2020 and January 14, 2020 respectively and they failed to respond.  Non-responsiveness and refusal by Defendants to engage in the litigation process constitutes culpable conduct because Defendants are obligated to defend against Plaintiff's claims.

Consequently, because the Court finds that Plaintiff will be prejudiced if default judgment is not granted, Defendants have no meritorious defense, and Defendants' failure to appear in this case is the result of their culpable conduct, the Court will grant Plaintiff's motion.

Plaintiff's requested default judgment, extinguishing any interest the State of New Jersey or Wells Fargo may have in the Subject Property, is appropriate.  See Cardaci, 2013 WL 5816823, at *10 (entering default judgment against two defendants who failed to respond and ordering that both defendants "have no interest in the Cardaci property and are not entitled to any distributions or other payment derived from the value of the property"); see also United States v. Peacock, No. 15-2460, 2016 WL 11541644, at *2-3 (S.D. Cal. Aug. 19, 2016)(extinguishing any interest Citibank had in the Subject Property where the United States included Citibank in the litigation "so that Citibank

8

could state its claim with respect to the Subject Property" and Citibank failed to present a claim); United States v. Jackson, No. 1:12-cv-1075, 2013 WL 6989404, at *6 (E.D. Va. Aug. 5, 2013) (citing United States v. Rogers, 461 U.S. 677, 693 (1983) ("A defendant's failure to assert an interest where a foreclosure complaint alleges that a defendant may have an interest in such foreclosure property, justifies a judgment extinguishing that interest.")).

## CONCLUSION

For the reasons stated above, the United States' Motion for Default Judgment against Defendants Wells Fargo and the State of New Jersey will be GRANTED, and any interest Defendants Wells Fargo and the State of New Jersey have in the Subject Property will be extinguished.

Date: November 12, 2020             s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

9